## Smith v. Kish

*Theodore R. Mann,* for plaintiff.

*Michael A. Foley* and *John J. Tinaglia,* for defendant.

CRUMLISH, J., October 23, 1957.—This is an action in trespass started by summons. No complaint has yet been filed. The basis of the action appears to be possible liability of defendant, John J. Kish, t/a Kish Funeral Home, for a fall sustained by plaintiff on defendant's parking lot pavement on January 25, 1957.

The question before us should be whether or not defendant must answer certain questions put to him by plaintiff's counsel in the process of taking pretrial depositions of defendant. Unfortunately, however, plaintiff has not presented the issue before us in proper form, and accordingly we find we are unable, at this time, to rule on this application.

Plaintiff has filed "Notice For Order Under Pa. R. C. P. 4019 (b)." Said rule reads, inter alia, as follows: "If a deponent refuses . . . to answer any question, the deposition shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, the proponent may apply to a proper court in the county where the deposition is being taken or to the court in which the action is pending, for an order compelling the witness . . . to answer, under penalty of contempt . . .".

Plaintiff's application requests an order of this court "compelling John J. Kish to answer questions relating to the existence or non-existence of water or ice on the sidewalk on which plaintiff allegedly fell; the existence or non-existence of any artificial condition causing drainage or seepage of water across said sidewalk on January 25, 1957, and for a period of six months prior thereto; the source and the cause of said drainage or seepage; the steps taken by deponent, either before or on or after January 25, 1957, to stop said drainage or seepage; and compelling payment by deponent of costs and reasonable attorney's fees for this proceeding".

The difficulty we find in considering plaintiff's request is the general nature of the order he seeks. The depositions of defendant, John J. Kish, were filed of record, and had plaintiff come before us with a request to rule on certain specific questions defendant refused to answer thereon, we would have a basis for deter-

mining their propriety. As was ruled in Berlin v. Brody et ux, 4 D. & C. 2d 173, 177 (1955), by President Judge Alessandroni of Common Pleas No. 5 of Philadelphia County: "An application for an order under Rule 4019 (b) is limited to the specific questions raised by the refusal to answer. Under such a proceeding we cannot order in advance a deponent to answer questions in several general areas as plaintiff has requested. Those matters are not before us under Pa. R. C. P. 4019 (b)." As a matter of comity, we follow the above ruling, and find it controlling here.

We, therefore, dismiss plaintiff's application for an order upon defendant, without prejudice, to renew his application by presentation of specific and enumerated questions upon which we may base an order.